**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
)
**MARGARIDA R. TEVES,**                          )
                                                 )
    **Plaintiff,**                      )
                                                 )          **Civil Action No.**
    **v.**                             )          **13-11162-FDS**
                                                 )
**ANGELO D. TEVES;**                             )
**WALTER FRAZE, JR., ESQ.;**                     )
**and MASSACHUSETTS LABORERS'**                  )
**ANNUITY FUND,**                                )
                                                 )
    **Defendants.**                     )
_____)

**MEMORANDUM AND ORDER ON DEFENDANTS'**
**MOTIONS TO DISMISS**

**SAYLOR, J.**

This is a domestic dispute over the disbursal of funds from an ERISA-governed plan. On May 7, 2013, plaintiff Margarida Teves brought suit in Bristol Superior Court, contending that defendants Angelo Teves, Walter Fraze, and the Massachusetts Laborers' Annuity Fund ("MLAF") improperly disbursed annuity funds to Angelo Teves that properly belonged to her.

On May 10, defendant MLAF removed the action to this Court on the grounds that the complaint in substance stated a claim concerning the administration of a pension plan under the Employee Retirement Income Security Act, 29 U.S.C. § 1132.

All three defendants filed motions to dismiss. For the reasons set forth below, defendant MLAF's motion will be granted, the matter will be remanded to Bristol Superior Court, and the remaining defendants' motions will be denied without prejudice as moot.

## I.    **Background**

The relevant facts summarized below are agreed to by the parties or set forth in the complaint unless otherwise noted.

At some point, plaintiff Margarida Teves married defendant Angelo Teves in São Miguel, Azores, Portugal.  They immigrated to the United States and lived together in Rhode Island until December 2007.  That month, Angelo Teves moved back to Portugal and has lived there since.

Angelo Teves filed for divorce from Margarida Teves in Portugal in 2010.  A divorce decree was entered by a Portuguese court on November 15, 2010.  According to plaintiff, the judgment of divorce indicated that there were no assets to be divided in Portugal.  The divorce judgment also did not apportion any assets owned by either party in the United States. Margarida Teves disputes the validity of that divorce decree.

Angelo Teves retained an annuity account with defendant MLAF, which plaintiff contends accrued funds during her marriage to him, and is therefore marital property.  In August 2012, Margarida Teves filed an action for divorce from Angelo Teves in Rhode Island, in which she contended, among other things, that she owned an interest in the annuity account under state law.

On April 30, 2013, MLAF issued a check for the balance of Angelo Teves' interest in the annuity fund.  The check was sent to Angelo Teves in care of his attorney, defendant Walter Fraze.  It is unclear from the record whether the funds have been disbursed to Angelo Teves or are being held in escrow by Fraze.

Margarida Teves filed this suit in Bristol Superior Court on May 7, 2013.  She contends

that MLAF disbursed the annuity funds in violation of state and federal law and requests a preliminary injunction to prevent any further transfer of the money.  MLAF removed this case to federal court on the grounds that the claim is subject to exclusive federal jurisdiction under ERISA.

Margarida Teves' divorce action in Rhode Island was dismissed on June 18, 2013.  She then filed a miscellaneous petition for relief that is pending in the Rhode Island Family Court.

Defendants have filed separate motions to dismiss in this case.  MLAF contends it should be dismissed because it no longer has the funds at issue.  The other defendants contend the June 18 decision of the Rhode Island Family Court dismissing the divorce action bars plaintiff's claims.

## II.    Standard of Review

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999)).  To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that

3

plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

## III.   The ERISA Claim

ERISA generally obligates administrators to manage ERISA plans in accordance with the documents and instruments governing the plans.  29 U.S.C. § 1104(a)(1)(D).  Among other things, the act requires covered pension benefit plans to "provide that benefits provided under the plan may not be assigned or alienated."  *Id.* § 1056(d)(1).  However, benefits can be assigned or alienated pursuant to a qualified domestic relations order.  *Id.* § 1056(d)(3).

A plaintiff must meet certain requirements to bring a claim under ERISA.  The annuity fund must qualify as an "employee benefit plan" to be covered by ERISA.  29 U.S.C. § 1003. The plaintiff must also show that she has standing to sue as a "participant or beneficiary" of the plan.  *Id.* § 1132(a).  If the plaintiff was not a named beneficiary of the fund, she must also show that a qualified domestic relations order properly assigned some plan benefits to her.  *See, e.g.*, *Kennedy v. Plan Adm'r for Dupont Sav. And Inv. Plan*, 555 U.S. 285, 301-03 (2009) (discussing validity of alleged qualified domestic relations order).

The Court need not decide whether the complaint here states a valid claim under ERISA. Even assuming she has a valid claim, the parties agree that MLAF distributed the disputed amounts in the annuity fund to defendant Fraze.  The complaint only requests an injunction to prevent the defendants from further transferring the money.  Because MLAF no longer has any of the funds, the claim against it seeking to prohibit the transfer is moot.  Therefore, the motion to dismiss by defendant MLAF will be granted.

## IV.   Other Claims

The disposition of the remaining motions to dismiss requires the Court to determine whether it has subject-matter jurisdiction over plaintiff's remaining claims. Although lack of subject-matter jurisdiction has not been raised by any party in this case, "it is well established that the courts have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." *Esquilin-Mendoza v. Don King Productions, Inc.*, 638 F.3d 1, 3 (1st Cir. 2011); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

ERISA creates an action for liability for breaches of fiduciary duties by administrators of employee benefit plans. 29 U.S.C. § 1109. After benefits have been distributed to the designated beneficiary in accordance with plan documents, however, ERISA is no longer implicated. *See Hoult v. Hoult*, 373 F.3d 47, 54-55 (1st Cir. 2004) (finding anti-alienation provision of ERISA did not apply to distributed benefits); *Estate of Kensinger v. URL Pharma, Inc.*, 674 F.3d 131, 138 (3d Cir. 2012) (collecting cases from six circuits where courts found ERISA did not apply to post-distribution benefits). Therefore, plaintiff cannot sustain an ERISA claim against the remaining defendants.

The parties can therefore no longer rely on ERISA to sustain federal-question jurisdiction in this court under 18 U.S.C. § 1331. The question then becomes whether the Court has diversity jurisdiction under 18 U.S.C. § 1332.[1]

Even assuming diversity of citizenship, however, the Court would not have jurisdiction over the remainder of this dispute. It is well-established that the federal courts have no jurisdiction over "domestic relations" claims in diversity-jurisdiction actions. *Ankenbrandt v.*

---

[1] The complaint alleges in substance that Margarida Teves is citizen of Rhode Island; that Angelo Teves is a citizen of Portugal; and that Walter Fraze and MLAF are citizens of Massachusetts.

*Richards*, 504 U.S. 689, 703 (1992).  "The limitation is one on subject matter jurisdiction, and is therefore not waivable by the parties."  *Dunn v. Cometa*, 238 F.3d 38, 41 (1st. Cir. 2001).  The exception applies to all claims to "obtain, alter, or end a divorce, alimony, or child custody decree."  *Id.*

To obtain preliminary injunctive relief, plaintiff must show that (1) she is likely to succeed on the merits; (2) she will suffer irreparable harm absent the injunction; (3) her injury outweighs the harm to the defendants; and (4) the injunction does not adversely affect the public interest.  *Bl(a)ck Tea Society v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004).  In deciding whether to issue preliminary injunctive relief, a district court must weigh all of these factors; however, ". . . if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."  *Wine and Spirits Retailers, Inc. v Rhode Island*, 418 F.3d 36, 46 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)).

Plaintiff's claims against defendants essentially amount to a dispute over whether she is legally divorced from defendant Teves—that is, whether the Portuguese divorce decree is valid. Because resolution of those claims would require this Court to adjudicate the validity of a divorce decree, it falls under the domestic relations exception.  *See Dunn*, 238 F.3d at 41.

The appropriate forum for resolution of plaintiff's claims lies in with the state courts. Therefore, this case will be remanded to state court for lack of subject-matter jurisdiction.  The remaining motions to dismiss will be denied as moot.

**V.**      **Conclusion**

For the foregoing reasons, MLAF's motion to dismiss is GRANTED, and it is hereby

ORDERED that this matter be remanded to the Bristol Superior Court pursuant to 28 U.S.C. §

1447(c).  The remaining motions to dismiss are DENIED without prejudice as moot.

**So Ordered.**


                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV
Dated: September 27, 2013                          United States District Judge